**E-FILED**
Friday, 18 February, 2011  02:57:21 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION



FILED

FEB 1 8 2011

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR 11-20010 |
| | ) | |
| v. | ) | IN VIOLATION OF: |
| | ) | Title 18, United States Code, |
| KAREN D. DOOLEY, | ) | Sections 2, 1029, 1028A, |
| | ) | 1341,1349 & 641. |
| | ) | Title 7, United States Code, |
| Defendants. | ) | Section 2024 (b)(1). |
| | ) | Title 42, U.S.C. § 408(a)(4). |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

## COUNT ONE
### (Conspiracy to Commit Access Device Fraud)

## OVERVIEW OF SCHEME

At times material to this information:

1.      Defendant KAREN D. DOOLEY had been an employee of Provena

Covenant Medical Center (Provena) since September 2007.  DOOLEY was employed as

a Transporter for the Center.  Her responsibilities included the transporting of patients

to any department in the hospital.  Her employment with Provena allowed her access to

patients' medical records, personal information and any personal belongings they had

with them during their time in Provena.

1

2.    It was part of the scheme that DOOLEY would obtain credit cards from the personal belongings of patients at Provena Covenant Medical Center and without authorization used those fraudulently obtained credit cards to make numerous purchases at retail establishments and via the internet.  It was further part of the scheme that M.J. used the fraudulently obtained credit cards alone and with DOOLEY, to make purchases at retail establishments.

3.    It was further part of the scheme that DOOLEY would order merchandise via the internet using the fraudulently obtained credit cards and caused such merchandise to be delivered to her home address.  It was further part of the scheme that M.J. would sign false names in acceptance of such merchandise.

4.    It was a further part of the scheme that DOOLEY would use the personal information of patients at Provena, including their name, dates of birth and social security numbers, to apply for credit cards via the internet.  It was further part of the scheme that DOOLEY caused a fraudulently obtained credit card to be delivered via the United States Mail.

**Execution of the Scheme**

5.    That on April 19, 2008,  M.B. was hospitalized at Provena Medical Center and DOOLEY was working as a transporter for Provena that day.

6.    From on or about April 20, 2008 to on or about May 10, 2008, DOOLEY and M.J. used a credit card belonging to M.B., that being Chase MasterCard, account number,  ####-####-####-8459, for purchases at retail establishments such as Wal-

2

Mart and Meijer in order to obtain goods and merchandise, without authorization from M.B.  Such purchases totaled over $5,000.

7.      From on or about April 20, 2008 to on or about May 10, 2008, in Champaign County, in the Central District of Illinois, and elsewhere,

**KAREN D. DOOLEY,**

defendant herein, knowingly combined, conspired with M.J. and agreed with themselves and others to knowingly, and with intent to defraud, trafficked in and used one or more unauthorized access device, namely a credit card belonging to M.B., that being Chase MasterCard, account number,  ####-####-####-8459,  during any one year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, said offense affecting interstate commerce.

In violation of Title 18, United States Code Section 1029(a)(2), and Title 18, United States Code, Section 1029 (b)(2).

**COUNT TWO**
**(Aggravated Identity Theft)**

1.      The United States Attorney re-alleges and incorporates by reference Paragraphs 1 to 4 of Count One of this Information as though fully set forth herein.

2.      From on or about April 20, 2008 to on or about May 10, 2008, DOOLEY and M.J. used a credit card belonging to M.B., that being Chase MasterCard, account number,  ####-####-####-8459, for purchases at retail establishments such as Wal-Mart and Meijer in order to obtain goods and merchandise, without authorization from M.B. Such purchases totaled over $5,000.

3

3.       From on or about April 20, 2008 to on or about May 10, 2008, in Champaign County, in the Central District of Illinois, and elsewhere,

**KAREN D. DOOLEY,**

defendant herein, aided and abetted M.J. and each other, during and in relation to the offense alleged in Count One of this Information, knowingly possessed and used, without lawful authority, a means of identification of another person, that being M.B., including her Chase MasterCard account number, ####-####-####-8459.

In violation of Title 18, United States Code, Section 1028A(a)(1) and Title 18, United States Code, Section 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946), (*Pinkerton* liability).

## COUNT THREE
### (Access Device Fraud)

1.       The United States Attorney re-alleges and incorporates by reference Paragraphs 1 to 4 of Count One of this Information as though fully set forth herein.

2.       From on or about April 20, 2008 to on or about April 25, 2008, DOOLEY used a credit card belonging to M.B., that being Citi-Choice Rebate Visa Card, account number,  ####-####-####-8155, for purchases at retail establishments such as Meijer and via the internet, in order to obtain goods and merchandise, without authorization from M.B. Such purchases totaled over $1,800.00.

4

3.      From on or about April 20, 2008 to on or about April 25, 2008, in Champaign County, in the Central District of Illinois, and elsewhere,

**KAREN D. DOOLEY,**

defendant herein, knowingly, and with intent to defraud, effected transactions with one or more unauthorized access device, issued to another, namely a Citi-Choice Rebate Visa credit card, account number ,  ####-####-####-8155, belonging to M.B., during any one year period, and by such conduct obtained anything of value aggregating $1,000 or more during that period, said offense affecting interstate commerce.

In violation of Title 18, United States Code, Section 1029 (a)(5).

## COUNT FOUR
### (Aggravated Identity Theft)

1.      The United States Attorney re-alleges and incorporates by reference Paragraphs 1 to 4 of Count One of this Information as though fully set forth herein.

2.      From on or about April 20, 2008 to on or about April 25, 2008, DOOLEY used a credit card belonging to M.B., that being Citi-Choice Rebate Visa Card, account number,  ####-####-####-8155, for purchases at retail establishments such as Meijer and via the internet, in order to obtain goods and merchandise, without authorization from M.B. Such purchases totaled over $1,800.00.

5

3.      From on or about April 20, 2008 to on or about April 25, 2008, in

Champaign County, in the Central District of Illinois, and elsewhere,

**KAREN D. DOOLEY,**

defendant herein, did knowingly possess and use, without lawful authority, a means of

identification of another person, that being  M.B., including her Citi-Choice Rebate Visa

Card account number, ####-####-####-8155, during and in relation to fraud in

related activity in connection with access devices as charged in Count Three of this

Information.

In violation of Title 18, United States Code, Section 1029A(a)(1).

## COUNT FIVE
## (Mail Fraud)

1.      The United States Attorney re-alleges and incorporates by reference

Paragraphs 1 to 4 of Count One of this Information as though fully set forth herein.

2.      On or about September 29, 2007, the defendant applied online for a

Capital One credit card using the name "Mary Switzer", including using Switzer's date

of birth and social security number.  With her application, the defendant submitted an

address of 1211 N. Hickory St., Champaign, Illinois.

3.      On or about September 30, 2007, in Champaign County, in the Central District of Illinois, and elsewhere,

**KAREN D. DOOLEY,**

defendant herein, for the purpose of executing the above described scheme and artifice to defraud and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon a Capital One credit card, number ####-####-####-1879, which credit card was sent in the United States Mail from Capital One addressed to "Mary Switzer" in Champaign, Illinois, delivered by the United States Postal Service, and received by the defendant.

In violation of Title 18, United States Code, Sections 1341 & 1349.

## COUNT SIX
### (Aggravated Identity Theft)

1.      The United States Attorney re-alleges and incorporates by reference Paragraphs 1 to 4 of Count One of this Information as though fully set forth herein.

2.      On or about September 29, 2007, the defendant applied online for a Capital One credit card using the name "Mary Switzer", including using Switzer's date of birth and social security number.  With her application, the defendant submitted an address of 1211 N. Hickory St., Champaign, Illinois.

3.      From on or about September 29, 2007 to on or about June 17, 2008, in

Champaign County, in the Central District of Illinois, and elsewhere,

### KAREN D. DOOLEY,

defendant herein, during and relation to Mail Fraud as charged in Count Five of the

Information, did knowingly possess, without lawful authority, a means of identification

of another person, that being the name, date of birth and social security number of

Mary Switzer, including her Capital One credit card account number, ####-####-

####-1879,

In violation of Title 18, United States Code, Section 1029A(a)(1).


### COUNT SEVEN
### (Food Stamp Fraud)

On or about September, 2008 to on or about July, 2009, in Champaign

County, in the Central District of Illinois, and elsewhere,

### KAREN D. DOOLEY,

defendant herein, did knowingly use and acquire authorization cards or access devices,

of a value of $5,000 or more, in a manner contrary to Chapter 51 of Title 7 of the United

States Code and the regulations pursuant to said chapter, in that the defendant

provided false and fraudulent information and omitted information on the Application

for Food Stamps provided to the State of Illinois, Department of Human Services, to

wit: omitted income from Carle Clinic.

In violation of Title 7, United States Code, Section 2024 (b)(1).

8

## COUNT EIGHT
### (Social Security Fraud)

At times material to this information:

1.      The Social Security Administration (SSA) was an agency of the United States and was responsible for administering the federal Supplemental Security Income (SSI) program.  The money for SSI benefits came from general funds of the United States Treasury.

2.      The SSI program made payments to people with low income who are age 65 or older or are blind or have a disability.  The program establishes that payment may be received as a right by those U.S. citizens who qualify as aged, blind or disabled and who meet income and resource criteria.

3.      The amount of the SSI benefit depends on how much other income an individual receives, their living arrangements, and other circumstances that affect an individual's financial needs.

4.      Eligibility for SSI benefits, based on disability, depends on the severity of the applicant's condition.

5.      A representative payee is selected by the SSA when it is necessary for benefit payments to be handled on behalf of the beneficiary due to mental or physical disability.  The representative payee is required to report to the SSA any changes in the beneficiary's living arrangements, income, employment, etc.

6.      Karen Dooley was the representative payee for her children, minors, J.J. and K.J., who were entitled SSI benefits due to certain disabilities.

9

7.      In February 2003, Dooley had been provided information regarding her "Reporting Responsibilities," which included that she must report certain changes that happen to her as the representative payee, including changes in income of "your husband/wife who lives with you" and changes in income.  This was to be reported within 10 days after the month in which it happened.  She was advised of these requirements several times, including again in 2006.

8.      From on or about December, 2005, to on or about September 9, 2010, Champaign County, in the Central District of Illinois and elsewhere,

**KAREN D. DOOLEY**,

defendant herein, in a matter within the jurisdiction of the Social Security Administration, having knowledge of the occurrence of any event affecting the initial or continued right to receive Supplemental Security Income of J.J. and K.J., for whose behalf she had applied for or was receiving such payments, knowingly concealed and failed to disclose such event, that being her spouse M.J., was living in the household and contributing to the household's income, with an intent to fraudulently secure payment in a greater amount than was due or when no SSI payments was authorized.

9.      By such action, KAREN DOOLEY obtained approximately $7,254.15 in Social Security Supplemental Security Income payments to which she was not entitled.

10.      In violation of Title 42, United States Code, Section 408 (a)(4).

## COUNT NINE
### (Theft of Government Funds)

1.    The U.S. Attorney re-alleges and incorporates by reference Paragraphs 1

to 7 of Count Eight of this Information as though fully set forth herein.

2.    From on or about July, 2006 and continuing to on or about November,

2010, in Champaign County, in the Central District of Illinois and elsewhere,

**KAREN D. DOOLEY,**

defendant herein, in a matter within the jurisdiction of the Social Security

Administration, did knowingly embezzle, steal, purloin, and convert to her own use,

money belonging to the United States, namely, approximately $7,254.15 in funds

administered by the Social Security Administration as part of its Supplemental Security

Income program.

3.    In that the defendant, KAREN DOOLEY, failed to disclose to the SSA that

her spouse lived in the household and was contributing to the household's income.

4.    All in violation of Title 18, United States Code, Section 641.

JAMES A. LEWIS,
UNITED STATES ATTORNEY

s/ Ronda H. Coleman

RONDA H. COLEMAN
Bar No. IL 6272417
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone:  217/373-5875
FAX: 217-373-5891
ronda.coleman@usdoj.gov