# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

August 20, 2012

To:  Pamela E. Robinson
     UNITED STATES DISTRICT COURT
     Central District of Illinois
     U.S. Courthouse
     Urbana , IL 61802-3369

| No.: 11-2256 | UNITED STATES OF AMERICA,<br>Plaintiff - Appellee<br><br>v.<br><br>KAREN D. DOOLEY,<br>Defendant - Appellant |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:11-cr-20010-MPM-DGB-1<br>Central District of Illinois<br>District Judge Michael P. McCuskey ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:    Entire record returned consisting of

Exhibits: 2

This notice sent to:

| []  United States Marshal | [x]  United States Probation Officer |

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                    **Received by:**

8/20/2012                                    s/ V. Ball

_____                                    _____

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

July 27, 2012

Before:

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| No.: 11-2256 | UNITED STATES OF AMERICA, Plaintiff - Appellee<br><br>v.<br><br>KAREN D. DOOLEY, Defendant - Appellant |
|---|---|
| **Originating Case Information:** ||
| District Court No: 2:11-cr-20010-MPM-DGB-1<br>Central District of Illinois<br>District Judge Michael P. McCuskey ||

  The judgment of the District Court is **VACATED**, and the case is **REMANDED** for resentencing.  The above is in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**(form ID: **132**)

**In the**

# United States Court of Appeals
### For the Seventh Circuit

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

No. 11-2256

UNITED STATES OF AMERICA,

           *Plaintiff-Appellee*,

*v.*

KAREN D. DOOLEY,

           *Defendant-Appellant*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 11-20010—**Michael P. McCuskey**, *Judge*.

ARGUED JUNE 6, 2012—DECIDED JULY 27, 2012

Before EASTERBROOK, *Chief Judge*, and WOOD and SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. Karen Dooley lied about her marriage status and income in order to obtain Social Security benefits and food stamps to which she was not entitled. While employed at a hospital, she stole credit cards and identifying documents from approximately 100 patients, then made purchases on the accounts of these vulnerable (often helpless) people. She also used

those credentials to obtain additional credit cards and Social Security numbers in spurious names, then used those documents to defraud additional persons. The scheme of identity theft and related crimes was long-running, and her crimes continued even while she was on pretrial release after being indicted. Eventually she pleaded guilty to nine counts covering multiple offenses. Three of the counts charged aggravated identity theft, in violation of 18 U.S.C. §1028A; the remaining six charged other varieties of fraud.

Section 1028A has an unusual penalty provision. Every conviction under that statute is punished by exactly two years in prison. 18 U.S.C. §1028A(a)(1). Such determinate sentences were common when this Nation was founded. See John H. Langbein, *The English Criminal Trial Jury on the Eve of the French Revolution*, in *The Trial Jury in England, France, Germany 1700–1900* at 36–37 (A. Schioppa ed. 1987). They are unusual today. Legislatures sometimes provide minimum terms, but they rarely make the minimum and the maximum identical. Section 1028A not only calls for a specific sentence but also provides that every sentence for aggravated identity theft must run consecutively to every sentence for a different crime—though sentences for multiple aggravated-identity-theft convictions may run concurrently with each other. Compare §1028A(b)(2) with §1028A(b)(4). Thus once the district judge determined the sentences for Dooley's six convictions other than under §1028A, he had to add at least 24 months (by making the §1028A sentences concurrent with each other but consecutive to all other sentences) and was

No. 11-2256 3

entitled to add 72 months (by making the §1028A sentences consecutive to each other as well as to the other six sentences). It also would have been possible to add 48 months, by choosing to make one §1028A conviction run concurrently with the other two.

Although §1028A gave the district judge three options—24, 48, or 72 months on top of the sentences for Dooley's six other crimes—it does not offer any guidance about which option to choose, beyond directing that "discretion shall be exercised in accordance with any applicable guidelines and policy statements issued by the Sentencing Commission." 18 U.S.C. §1028A(b)(4). The Sentencing Guidelines in turn specify three things district judges should consider.

> In determining whether multiple counts of 18 U.S.C. §1028A should run concurrently with, or consecutively to, each other, the court should consider the following nonexhaustive list of factors:
>
> (i) The nature and seriousness of the underlying offenses. For example, the court should consider the appropriateness of imposing consecutive, or partially consecutive, terms of imprisonment for multiple counts of 18 U.S.C. §1028A in a case in which an underlying offense for one of the 18 U.S.C. §1028A offenses is a crime of violence or an offense enumerated in 18 U.S.C. §2332b(g)(5)(B).
>
> (ii) Whether the underlying offenses are groupable under §3D1.2 (Groups of Closely

4                                          No. 11-2256

> Related Counts). Generally, multiple counts of 18 U.S.C. §1028A should run concurrently with one another in cases in which the underlying offenses are groupable under §3D1.2.
>
> (iii) Whether the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2) are better achieved by imposing a concurrent or a consecutive sentence for multiple counts of 18 U.S.C. §1028A.

U.S.S.G. §5G1.2 Application Note 2(B). That these factors are vague does not mean that the Guidelines as a whole are useless, however. The exercise of discretion always begins by determining the Commission's recommendation, which helps judges reach reasonable sentences and avoid unjustified disparities. See *Gall v. United States*, 552 U.S. 38, 49 (2007).

The presentence report in this case calculated the range by starting with the six convictions on counts other than §1028A. The author concluded that the range on these six counts is 18 to 24 months (offense level 13, criminal history category III). The report did not attempt to determine a final range including the §1028A convictions. The range for a §1028A count, standing alone, is "the term of imprisonment required by statute." U.S.S.G. §2B1.6(a). This provision adds that Chapter Three of the Guidelines Manual does not apply, and it is Chapter Three that specifies how different convictions combine to create a final range. Thus for convictions under §1028A, as for other statutes that create minimum sentences, any mandatory term comes on top of a sen-

No. 11-2256                                                                 5

tence computed independently for the other offenses. See U.S.S.G. §5G1.2(a); *United States v. Roberson*, 474 F.3d 432, 436 (7th Cir. 2007).

This throws us back to the question: what sentence is "required by statute" under §1028A? That is the amount of time that a judge must add both under the language of §2B1.6(a) and the approach of *United States v. Booker*, 543 U.S. 220 (2005), and its successors, that the Guidelines are advisory while statutory rules are mandatory. Section 1028A(b)(4) itself tells us that the choice between consecutive and concurrent sentences depends on the Sentencing Commission's policy statements. The policy statement in §5G1.2 Application Note 2(B) points to 18 U.S.C. §3553(a)(2) and adds some considerations. For §1028A, therefore, the Guidelines Manual and the United States Code come to the same thing. (Section 1028A also directs sentencing judges to follow the Guidelines, but as §2B1.6(a) refers back to §1028A this aspect of the requirement is circular.)

At sentencing, the judge spent a good deal of time comparing Dooley's situation with that of Garjon Collins, who received 108 months' imprisonment after being convicted of 11 counts under §1028A and 11 counts under other federal anti-fraud statutes. See *United States v. Collins*, 640 F.3d 265 (7th Cir. 2011). This court held that Collins's sentence was reasonable, and the district judge here concluded that a slightly lower sentence would be reasonable for Dooley. Comparing Dooley's circumstances with Collins's was an admirable attempt to reduce unwarranted disparity in sentencing. See 18

6 No. 11-2256

U.S.C. §3553(a)(6). But district judges are not supposed to *start* with §3553(a); the Supreme Court held in *Gall* and *Rita v. United States*, 551 U.S. 338, 347–48 (2007), that they must start with a correct understanding of the Sentencing Commission's advice. That means the considerations set out in §5G1.2 Application Note 2(B), which the judge never mentioned.

Dooley's lawyer in the district court did not remind the judge about the role Note 2(B) plays in choosing between concurrent and consecutive sentences. That makes the judge's omission understandable. But given §1028A(b)(4), which makes consideration of Note 2(B) essential to the statutory process, plain error has occurred—as the prosecutor has conceded. (Perhaps the district judge privately considered Note 2(B), but he did not say so or address all of its considerations. That's why we find plain error.)

The error affects substantial rights; an extra 48 months in prison is "substantial" by any measure. It is harder to know whether the discretionary aspect of plain-error doctrine supports resentencing. Even a plain error should be corrected only when it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation and internal quotation marks omitted). A 96-month sentence for Dooley's despicable conduct would not adversely affect the fairness, integrity, or public reputation of judicial proceedings. Thoughtful people might well deem her sentence too low. But the United States does not ask us to exercise discretion against Dooley under this aspect of plain-error review.

No. 11-2256 7

Dooley therefore is entitled to be resentenced. After considering Application Note 2(B) and the factors in §3553(a), the district court may conclude that consecutive sentences are appropriate, and under *Rita* and *Gall* appellate review of such a decision would be deferential.

The judgment is vacated, and the case is remanded for resentencing.

7-27-12